## STEVENS v. VERNON TIMBER CO. et al.
### No. 1669.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

J. R. Ferguson, of Leesville, for appellant.

S. I. Foster, of Leesville, for appellee.

DORE, Judge.

Plaintiff filed a suit for compensation under the pauper act (Act No. 156 of 1912, as amended). His suit, after trial, was dismissed. From this judgment of dismissal he obtained an order of appeal to this court, returnable on October 15, 1936. The transcript was filed in this court within the three days of grace allowed for filing of the appeal.

The plaintiff has filed a motion in this court suggesting that the record is defective, for the reason that the evidence taken on the trial of the case was not transcribed and filed in the record by the court reporter. We are asked to give appellant time in which to complete the record. After the submission of the case to us, the defendants-appellees filed a motion to dismiss the said appeal, for the reason that the appellant-plaintiff had failed to pay for and caused to be transcribed and filed in the record the note of evidence taken at the trial of the cause in the district court.

We see no merits in the motion to dismiss the appeal. This is a pauper suit. It does not appear that the failure to transcribe and file the testimony is imputable to any fault of the appellant. The testimony is necessary to a decision of the case on appeal. The appellant should not lose his right to an appeal through the fault or negligence of the clerk in failing to transcribe and file in this court the note of evidence. In accordance with Act No. 234 of 1932, and under the practice of the appellate courts, the record should be remanded to enable the appellant to have it completed as was done in the case of Butitta v. Penny Co. (La.App.) 160 So. 162.

It is therefore ordered that the transcript be returned to the clerk of the district court for the parish of Vernon for the purpose of completing the record by filing therein the testimony taken on the trial of the case; that the record when completed to be returned to the clerk of this court on or before April 12, 1937; costs to await the final termination of the case.